[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on May 20, 1984 in New York, New York. By complaint dated March 29, 2000, the Wife instituted this action claiming a dissolution of marriage, alimony, an equitable division of the marital assets, attorney fees and other relief as law and equity might provide.
Two minor children are issue of this marriage: Doriana, born October 7, 1989, and Aaron, born June 25, 1994. However, both children have lived in Virginia their entire lives and this court has no jurisdiction over said minors. Virginia is the home state of the children.
The Husband is age 43, and in fair health. The Wife is age 44, and in an advanced stage of multiple sclerosis.
The Husband was aware of the Wife's medical condition prior to the marriage. When the parties married, the Wife was a practicing attorney in the state of Connecticut and the Husband was a graduate student at Yale. Today, the Wife is physically incapable of working and the Husband is a professor of economics at the University of Virginia.
The Court finds that the Husband is responsible for the breakdown of the marriage and that he is no longer willing to care for his Wife. The Husband has asked this court to enter orders that would effectively require the Wife to go on Medicaid, thereby transferring his obligation to support his Wife, to the State and Federal government. The Wife, who is both intelligent and articulate, has clearly expressed her opposition to seek public assistance. The Wife wishes to provide for her own support so long as she has the financial ability to do so. While this court must take into consideration all of the statutory criteria for the entering of orders, it is neither the responsibility nor the duty of this court to direct or instruct the Wife as to how her money must be managed after the dissolution of the marriage. Accordingly, the Court will not deviate from a fair division of the assets for the sole purpose of avoiding their partial depletion, at the expense of the State and Federal government.
The Court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties: CT Page 10921
ORDERS:
DISSOLUTION OF MARRIAGE
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on August 13, 2001.
ALIMONY
The Husband shall pay to the Wife periodic alimony of $825.00 per week until the death of either party or the remarriage of the Wife. In any calendar year, the Wife shall be entitled to increase her annual gross income from Social Security payments and any Medicare/Medicaid benefits, without such occurrence constituting a substantial change in circumstances. If the Wife submits to the jurisdiction of the Commonwealth of Virginia and a child support order is entered against her based upon her alimony, the Wife may petition this court for an increase in her order for alimony based upon a substantial change in circumstances.
MEDICAL INSURANCE — WIFE
The Wife shall be responsible for her own medical insurance coverage. If the Wife is eligible for any COBRA benefits under the Husband's medical insurance, the Husband shall cooperate with the Wife to obtain same at her sole cost.
LIFE INSURANCE
The Husband shall maintain life insurance in the amount of $500,000.00 with the Wife as the beneficiary for as long as the Husband is required to pay alimony to the Wife. The Husband shall provide the Wife with proof of such policy each year.
PERSONAL PROPERTY
The Husband shall retain all of the personal property located in the marital residence.
REAL PROPERTY
The Wife shall immediately transfer to the Husband, all of her right, title and interest in and to the marital residence, located at 1632 Keith Valley Road, Charlottesville, Virginia. Thereafter, the Husband shall be solely responsible for the mortgage, real estate taxes and all other costs associated with the property and shall indemnify and hold the Wife CT Page 10922 harmless in regards to all such costs. The Husband shall immediately make good faith efforts to refinance the mortgage with the mortgagees (his parents) so as to remove the Wife's name from the mortgage and Note. The Husband shall provide proof of such efforts to the Wife, within 60 days of the date of the dissolution of marriage.
DIVISION OF DEBTS
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit and the Wife shall be responsible for the debts on her financial affidavit.
ATTORNEY FEES
Except as otherwise provided herein, the parties shall each be solely responsible for their respective attorney's fees.
TAX RETURNS
The parties shall file separate tax returns for the year 2001 and thereafter.
RETIREMENT ACCOUNTS, IRA ACCOUNTS, DEFERRED COMPENSATION ACCOUNTS
The Husband currently has an IRA with Dean Witter in the approximate amount of $5,030.00 and a TIAA Account in the approximate amount of $214,739.00. The approximate total of these two accounts is $219,679.99. The Husband acknowledges that he has expended $30,000.00 of other marital assets for his own expenses during the pendency of this action. The Wife acknowledges that she has expended $6,000.00 of other marital asset for her own expenses during the pendency of this action. Had the parties not expended those funds, the total funds available for division would have been approximately $255,769.00. Therefore, the Court has utilized that approximate figure in its decision to divide the cash assets.
This Court concludes, that a fair division of these funds is 60% to the Wife and 40% to the Husband. In addition, the Wife shall be paid from the Husband's 40% share of said funds, the further sum of $40,000.00 in recognition of the transfer by the wife to the husband of her interest in the marital home and to pay her current debts and her attorney's fees. The Court orders that a Qualified Domestic Relations Order shall accomplish this division. Said QDRO shall be drafted by the Wife's attorney or other qualified person. The Husband shall pay the cost for same.
BANK ACCOUNTS — CHECKING AND SAVINGS
CT Page 10923
Each party shall retain their checking and savings accounts listed on their respective financial affidavits.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
FRANKEL, J.
[EDITORS' NOTE: A DIFFERENT AND NON RELATED CASE ONCE LISTED ON THIS PAGE CAN BE LOCATED ON Page 11666] CT Page 10924 [EDITORS' NOTE: This page is blank.] CT Page 10925 [EDITORS' NOTE: This page is blank.] CT Page 10926 [EDITORS' NOTE: This page is blank.] CT Page 10927